## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **DENIS A RIVERA,** | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) **OPINION AND ORDER** |
| **DAVID ANDERSON,** *et al.*, | ) Case No. 7:22cv00182 |
| Defendants. | ) |
| | ) By:  Pamela Meade Sargent |
| | ) United States Magistrate Judge |
| | ) |

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, the pro se prisoner plaintiff has attempted to join together in one case more than a dozen unrelated legal claims, concerning separate and unrelated events and defendants. This practice is inconsistent with the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 18, 20, and the filing fee requirements of the Prison Litigation Reform Act ("PLRA").  For the reasons herein explained, the court will sever the Complaint into 15 additional, separate civil actions, have them docketed as such, and require the plaintiff, if he intends to pursue the additional civil actions, to prepay the filing fees as he has done in the present case.

I.

The plaintiff, Denis A. Rivera, has divided his Complaint into eight "claims" about conditions and events at River North Correctional Center ("River North"),[1] although some claims actually include subclaims, as designated here:

---

[1]  After Rivera filed this lawsuit, he was transferred to Red Onion State Prison ("Red Onion") and has filed many separate motions about events that have occurred at that facility.  These motions, as well as his pending motions for interlocutory injunctive relief, will be separately addressed.

**Claim 1: Disciplinary Proceedings**.

**Claim 1-A**: "False" disciplinary charge for January 14, 2021, disobeying an order, denial of due process, and $8.00 fine; the defendants are M. D. Sturgill, Michael McBride, T. Dowell, C.T. Burnette, L. Bolt, and David Anderson (Compl. ¶¶ 65-66, Ex. A);

**Claim 1-B**: "False charge" on February 2, 2021, making sexual advances, denial of due process, and $12.00 fine; the defendants are M.D. Sturgill, T. Dowell, M. Vaughan, J. Sweet, H.M. May, Coley, and David Anderson (¶¶ 67-68, Ex. B);

**Claim 1-C**: "False charge" on February 12, 2021, for solicitation of staff misconduct and alleged denial of due process; the defendants are M.D. Sturgill, K.P. King, T. Atkins, Michael McBride, David Anderson, J.M. Montgomery, and D. Crawford (Compl ¶¶ 69-70, Ex. C);

**Claim 1-D**: "[F]abricated/false charge" on September 15, 2021, for loud or obscene acts, denial of due process, and a $15.00 fine; the defendants are M.D. Sturgill, K. Delk, David Anderson, Carl A Manis, J.S. Jones, Eller, and T. Dowell (Compl. ¶¶ 71-72, Ex. D);

**Claim 1-E**: "[F]alse charge" on September 18, 2021, for lewd or obscene acts, denial of due process, and a $15.00 fine; the defendants are: M.D. Sturgill, C. Weaver, Michael McBride, H.M. May, Carl A. Manis, David Anderson, White, M. Garcia, Harold Clarke, K.P. King, David Robinson, Randall C. Mathena, Dorothy Greer, R.L. Hickman,, and K. Nester (Compl. ¶¶ 73-74, Ex. E);

**Claim 1-F**: "[F]alse charge" based on PREA call September 19, 2021, for unauthorized use of mail or telephone, and alleged denial of due

process; the defendant is R. L. Hickman; charge was later "thrown" (Compl. ¶ 76, Ex. F);

**Claim 1-G**: "[F]alse charge" on October 2, 2021, for lewd or obscene acts, alleged denial of due process, and retaliatory sanctions (including a two-year prohibition against family phone calls and visits); the defendants are M.D. Sturgill, K. Delk, Michael McBride, H.M. May, Stephanie Snead, David Anderson, Harold Clarke, K.P. King, R.L. Hickman, Dorothy Greer, David Robinson, White, Randall C. Mathena, and Ms. Fanigan (Compl. ¶¶ 77-80, Ex. G);

**Claim 1-H**: "[F]alse charge" on October 4, 2021, for lewd and obscene acts, alleged denial of due process, and a $10.00 fine; the defendants are M.D. Sturgill, Sherri Richardson, J.S. Jones, David Anderson, Michael McBride, White, Fanigan, E. Floyd, K. P. King, R.L. Hickman, Dorothy Greer, Harold Clarke, David Robinson, and Randall C. Mathena  (Compl. ¶¶ 81-82, Ex. H); and

**Claim 1-I**: "[F]alse charge" on December 7, 2021, for failing to follow institutional count procedures, alleged denial of due process, and a $7.00 fine; the defendants are David Anderson, Amber Stanley, K. P. Smith, Carico, M.C. Hash, and K. Nester (Compl. ¶¶ 83-85, Ex. I);

**Claim 2**:  Retaliatory sanctions and classification decisions in fall of 2021. Defendant Sturgill imposed sanctions (no access to phone calls and non-contact visits only with family for two years, security level increase, and no good conduct time for four years), and these other defendants failed to correct this classification issue: Phifer, M. D. Sturgill, Michael McBride, David Anderson, T. Dowell, S. Snow, Robert H.B., Barbara A. Buenaga, Sherrl Richardson, Harold Clarke, David Robinson, Randall C. Mathena, and Amber Stanley, (Compl. ¶¶ 86-92);

**Claim 3**: Illegal search of Rivera's cell and seizure of property on October 17, 2020; the defendants are Coley, C. Weaver, K.P. King, White, and Robert H.B. (Compl. ¶¶ 93-94);

**Claim 4**: Bright lights kept on all night at River North; the defendants are Harold Clarke, David Robinson, Randall C. Mathena, the current Assistant Warden, David Anderson, S. Snow, and Robert H.B.;

**Claim 5**: No windows inside the cells at River North to let in sunlight like all other Level 4 and Level 5 prisons; the defendants are T. Dowell, Harold Clarke, David Robinson, Randall C. Mathena, David Anderson, and the RNCC assistant warden (Compl. ¶ 96);

**Claim 6**: Denial of physical access to the River North law library out of retaliation and discrimination by defendants L. Adkins, Robert H. B., David Anderson, the current River North assistant warden, and Dorothy Greer (Compl. ¶ 97);

**Claim 7**: Deliberate indifference to several ongoing medical problems at River North, because defendants did not ensure follow up care or because Rivera could not go to the medical unit for doctor visits while in segregation; the defendants are Dr. Mathena, S. Snow, Teresa Payne, Robert H.B., A. Lemay, the Virginia Department of Corrections, ("VDOC"), Health Service Director, an unknown doctor who saw Rivera in October 2021, Harold Clarke, David Anderson, White, the current RNCC assistant warden, and David Robinson (Compl. ¶¶ 99-115); and

**Claim 8**: Denial of assistance with mental health matters at River North, by defendants D. Haynes, David Anderson, White, the current River North assistant warden, J. Spangler, David Robinson, and Harold Clarke (Compl. ¶¶ 116-119).

In many of these claims,[2] Rivera also faults the defendants for failing to follow or enforce related prison policies.  As relief in the case, Rivera seeks various types of injunctive relief and monetary damages (Compl. pp. 48-51).

## II.

The present Complaint is not consistent with Federal Rules of Civil Procedure Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action.  Rule 18(a) *only* allows a plaintiff to join "as many claims as it has against an [one] opposing party" (emphasis added).  On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants.  *See* FED. R. CIV. P. 20.  Thus, if the claims arise out of different transactions and do not each involve all defendants, joinder of the claims in one lawsuit should not be allowed.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).  These procedural rules apply with equal force to *pro se* prisoner cases.  Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

---

[2] The fact that the court has referred to Rivera's numbered allegations as "claims" should not be taken as any indication of a court finding that he has stated any meritorious claim for relief under the Constitution and 42 U.S.C. § 1983.

In addition, to allow Rivera to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the PLRA. PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow plaintiff to essentially package two or more lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.[3]

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to sever claims. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on

---

[3] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] "strike" under 28 U.S.C. § 1915(g).")

its own, the court may . . . sever any claim against a party"). Thus, the court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

As stated, Rivera's Complaint may not proceed as it is presently constituted, because it improperly joins together multiple unrelated claims and defendants. It is, in fact, sixteen separate lawsuits bundled into one omnibus Complaint: one lawsuit for each of nine disciplinary proceedings Rivera challenges and seven additional claims against different groups of defendants on different factual and legal questions during his tenure at River North. Accordingly, the court will sever Rivera's Complaint into sixteen separate lawsuits. *Claim 1-A, challenging the disciplinary proceedings stemming from the charge issued on January 14, 2021, at River North, can go forward in this case.* As to each of Rivera's other fifteen claims, however, the Complaint will be docketed in a new and separate civil action. The court will provide Rivera with the new case numbers, once they have been assigned.

This Opinion and Order does not address the possible merit of any of Rivera's claims he has pled in the Complaint, and it does not deprive him of his right to litigate any of those claims. He simply may not litigate his unrelated claims against all these defendants in this single lawsuit, while being held accountable for only one filing fee. If Rivera chooses to proceed with the severed claims in the new, separate lawsuits, he will be required to prepay the filing fee in each of those lawsuits, as he has done in this case, or to provide financial information to support a finding that he qualifies to pay the filing fee through installments from his trust account, pursuant to 28 U.S.C. § 1915(b). If Rivera does not wish to proceed with one or more of the severed lawsuits and the claims they contain, he may decline to comply with the filing fee requirements for those lawsuits, or he may move for voluntary dismissal

of any case he does not wish to pursue.  And if Rivera does not wish to proceed with this lawsuit (Claim 1-A), he may file a motion to voluntarily dismiss this case.

III.

In accordance with this Opinion, it is **ORDERED** as follows:

1.     Rivera's Claims 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, 1-H, and 1-I, as designated in this Order, and his Claims 2-8, as designated in this Order and in the Complaint, are hereby **SEVERED** for all future proceedings into 16 separate civil actions, one for each of the claims designated in this Order;

2.     The present case, No. 7:22cv00182, **SHALL** now include only Claim 1-A, regarding an allegedly "False" disciplinary charge reported January 14, 2021, for disobeying an order, and alleged denial of due process regarding the outcome and the $8.00 fine imposed; the defendants are M. D. Sturgill, Michael McBride, T. Dowell, C.T. Burnette, L. Bolt, and David Anderson (Compl. ¶¶ 65-66, Ex. A);[4]

3.     The Clerk is **DIRECTED** to docket in each of 15 new and separate civil actions a copy of the Complaint, a copy of this Opinion and Order (as an attachment to the Complaint), the Prisoner Trust Account Report and the Statement of Assets (Docket Item Nos. 12 and 17); each new case **SHALL** include one of the Claims, as designated in this Order, against the defendant(s) listed for that claim;

---

[4] Once the Clerk has set up new cases for Rivera's other claims, the Clerk shall terminate all defendants in this case, 7:22cv00182, except those listed in Claim 1-A.

4.  In the initial docket entry for each of the new cases, the Clerk shall include, in bold type, the Claim that will be considered in that case, and shall send Rivera a copy of each of these new docket sheets to give him clear notice of the new case numbers and the content of each new case;

5.  In each new civil action, the court will issue an Order requiring Rivera, if he intends to pursue the Claim contained in that case, to execute and return a Consent to Fee form agreeing to pay the **$402.00 filing costs** for that new civil action in one payment from his trust account; *this Order does not grant him the right to proceed with any of the new cases by paying the filing costs through installments from his inmate trust account*;[5] and

6.  If Rivera does *not* intend to pursue the current civil action which now includes only Claim 1-A, he **MAY SUBMIT** within 14 days from the date of the entry of this Order a Motion for Voluntary Dismissal of this civil action, No. 7:22cv00182, without prejudice.  If he does not withdraw this action within the allotted time, the court will continue consideration of the case and determine if this claim should be summarily dismissed or be served on the defendants.

---

[5]  Because Rivera has a substantial amount of money in his inmate trust account, the Court denied his request to proceed *in forma pauperis* (to pay the filing fee in installments) and required him to pay the full filing costs for this case, No. 7:22cv00182.  If Rivera does not wish to go forward with Claim 1-A in this case after his claims are severed, he may file a Motion for Voluntary Dismissal of this case, No. 7:22cv00182, and ask the court to apply filing costs he paid for this case toward one of the other cases that he wishes to pursue instead.

The Clerk will mail Rivera a copy of this Opinion and Order.

**ENTERED:**        June 29, 2022.

/s/  *Pamela Meade Sargent*

UNITED STATES MAGISTRATE JUDGE