# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DENIS A. RIVERA,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00182 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DAVID ANDERSON, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Denis A. Rivera, Pro Se Plaintiff.*

The plaintiff, Denis A. Rivera, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The case is currently before me on his multiple motions seeking interlocutory injunctive relief. After review of the record, I conclude that the motions must be denied.

Rivera filed this action in late March 2022, raising multiple claims about events that occurred while he was confined at River North Correctional Center ("RNCC") in 2020 and early in 2021, namely nine alleged false disciplinary charges, errors related to a classification proceeding, an illegal search and seizure of personal property, bright lights on all the time, no windows in his cell, no physical access to the law library, inadequate treatment for various medical issues (toenail problems, alleged nerve damage in his shoulders, and a knee injury), and denial of mental

health treatment. On April 8, 2021, the authorities transferred Rivera from RNCC to Red Onion State Prison ("ROSP").

Since filing the Complaint, Rivera has filed several motions seeking interlocutory relief (either expressly or by implication), based on sets of facts not included in the Complaint. In the first of these motions, ECF No. 2, Rivera complains that two of the defendants, Snead and Floyd, filed false charges against him on March 24, 2022, at RNCC, sexually harassed him, or searched his cell to mix up his paperwork during his shower. In the next motion and a later amendment, ECF Nos. 6 and 14, Rivera alleges that when he asked to purchase commissary foods at RNCC to compensate for a reported finding that his potassium was low, a nurse falsely stated that segregation inmates could not purchase commissary food items. Nurses and officials also told Rivera that a doctor could order, but had not yet ordered, dietary adjustments for him to address the potassium issue. Rivera asks the court to order that he be permitted to purchase food items from the commissary.

After Rivera's transfer to ROSP on April 8, 2022, he filed a motion on April 10, 2022,[1] about events at that facility, ECF No. 15. He alleges that an officer named as a defendant in a prior Rivera lawsuit ordered Rivera to be strip searched, allowed officers to watch him give a urine specimen, and placed him in dirty cell with no

---

[1] The date of filing for these motions refers to the date that Rivera signed and dated them in accord with the prison "mailbox" rule.

cleaning supplies and without his personal property. Rivera also alleges that after he told the ROSP warden about these issues, his medical problems, and his need for extra food, the warden took no immediate action. On April 13, 2022, Rivera filed another motion, ECF No. 16, complaining that he still had not received his personal property, including his tennis shoes, television (necessary for religious programming), eyeglasses, and food items (allegedly needed because of his low potassium level). Rivera filed yet another motion on April 17, 2022, ECF No. 18, asserting that when he received his property, his tennis shoes were missing; Rivera told a nurse he needed the shoes because of foot pain, but she said she did not care. He also complains in this motion that he did not received outside recreation while in solitary in March 2022 at RNCC and at ROSP, that ROSP showers are not clean, and that he has received no cleaning supplies to sanitize his ROSP cell.

Rivera filed his most recent motion, ECF No. 30, on June 12, 2022. Again, he complains about the lack of outside recreation in solitary, but states that he has been moved to a general population area at ROSP. The primary topic in this motion is a hunger strike that Rivera and other inmates in ROSP B-Pod are staging to protest allegedly being denied recreation and showers. Rivera complains that on June 11 and 12, 2022, officers allegedly did not bring lunch or dinner meals to B-Pod because of the hunger strike.

The events at issue in Rivera's motions for interlocutory injunctive relief are not related to the actions of the defendants alleged in his Complaint in this action. Therefore, I must deny the Motions.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

Rivera's motions fail to make these showings. As indicated, the events at issue in his motions involved events that occurred *after* the incidents at issue in his Complaint, involved individuals not named as defendants in the lawsuit, or concerned occurrences at a different prison facility. I also cannot find that any of the incidents described in the motions implicate any imminent risk of irreparable harm to Rivera, as required to warrant the extraordinary relief he is apparently seeking from the court. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Based on this record, I cannot find that Rivera is entitled to the extraordinary remedy he is seeking in any of these motions.

Moreover, Rivera has clearly not exhausted his administrative remedies before filing these motions for court intervention. Indeed, many of the events he

describes occurred on the day when Rivera filed the motion or a day or two earlier — leaving no time for him to have pursued or received meaningful responses to administrative remedies on the matters. Federal law requires inmates to exhaust available administrative remedies before bringing a federal court action about them, and Rivera has clearly not complied with this legal mandate. 42 U.S.C. § 1997e(a). In so doing, he is abusing court procedures and stealing valuable time that the court could be devoting to other more meritorious matters. Rivera is advised to cease his pattern of such abusive filings, or he may face sanctions, including limiting his ability to file pleadings.

For the reasons stated, it is **ORDERED** that the motions seeking interlocutory relief, ECF Nos. 2, 6, 15, 16, 18, and 30 are DENIED.

ENTER: July 28, 2022

/s/  JAMES P. JONES
Senior United States District Judge